16

Westlaw.

21 C.F.R. § 101.62

C

**Effective: January 12, 2007**

Code of Federal Regulations Currentness
  Title 21. Food and Drugs
    Chapter I. Food and Drug Administration, Department of Health and Human Services (Refs & Annos)
      Subchapter B. Food for Human Consumption
        Part 101. Food Labeling (Refs & Annos)
          Subpart D. Specific Requirements for Nutrient Content Claims (Refs & Annos)

→**§ 101.62 Nutrient content claims for fat, fatty acid, and cholesterol content of foods.**

(a) General requirements. A claim about the level of fat, fatty acid, and cholesterol in a food may only be made on the label or in the labeling of foods if:

(1) The claim uses one of the terms defined in this section in accordance with the definition for that term;

(2) The claim is made in accordance with the general requirements for nutrient content claims in § 101.13;

(3) The food for which the claim is made is labeled in accordance with § 101.9, § 101.10, or § 101.36, as applicable; and

(4) For dietary supplements, claims for fat, saturated fat, and cholesterol may not be made on products that meet the criteria in § 101.60(b)(1) or (b)(2) for "calorie free" or "low calorie" claims.

(b) Fat content claims.

(1) The terms "fat free," "free of fat," "no fat," "zero fat," "without fat," "negligible source of fat," or "dietarily insignificant source of fat" or, in the case of milk products, "skim" may be used on the label or in labeling of foods, provided that:

(i) The food contains less than 0.5 gram (g) of fat per reference amount customarily consumed and per labeled serving or, in the case of a meal product or main dish product, less than 0.5 g of fat per labeled serving; and

(ii) The food contains no added ingredient that is a fat or is generally understood by consumers to contain fat unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of fat," "adds a negligible amount of fat," or "adds a dietarily insignificant amount of fat;" and

(iii) As required in § 101.13(e)(2), if the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower fat content, it is labeled to disclose that fat is not usually present in the food (e.g., "broccoli, a fat free food").

(2) The terms "low fat," "low in fat," "contains a small amount of fat," "low source of fat," or "little fat" may be used on the label or in labeling of foods, except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i)(A) The food has a reference amount customarily consumed greater than 30 g or greater than 2 tablespoons and contains 3 g or less of fat per reference amount customarily consumed; or

(B) The food has a reference amount customarily consumed of 30 g or less or 2 tablespoons or less and contains 3 g or less of fat per reference amount customarily consumed and per 50 g of food (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form); and

(ii) If the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower fat content, it is labeled to clearly refer to all foods of its type and not merely to the particular brand to which the label attaches (e.g., "frozen perch, a low fat food").

(3) The terms defined in paragraph (b)(2) of this section may be used on the label or in labeling of meal products as defined in § 101.13(l) or main dish products as defined in § 101.13(m), provided that:

(i) The product contains 3 g or less of total fat per 100 g and not more than 30 percent of calories from fat; and

(ii) If the product meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower fat content, it is labeled to clearly refer to all foods of its type and not merely to the particular brand to which the label attaches.

(4) The terms "reduced fat," "reduced in fat," "fat reduced," "less fat," "lower fat," or "lower in fat" may be used on the label or in the labeling of foods, except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) The food contains at least 25 percent less fat per reference amount customarily consumed than an appropriate reference food as described in § 101.13(j)(1); and

(ii) As required in § 101.13(j)(2) for relative claims:

(A) The identity of the reference food and the percent (or fraction) that the fat differs between the two foods and are declared in immediate proximity to the most prominent such claim (e.g., "reduced

fat--50 percent less fat than our regular brownies"); and

(B) Quantitative information comparing the level of fat in the product per labeled serving with that of the reference food that it replaces (e.g., "Fat content has been reduced from 8 g to 4 g per serving.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(iii) Claims described in paragraph (b)(4) of this section may not be made on the label or in the labeling of a food if the nutrient content of the reference food meets the definition for "low fat."

(5) The terms defined in paragraph (b)(4) of this section may be used on the label or in the labeling of meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) The food contains at least 25 percent less fat per 100 g than an appropriate reference food as described in § 101.13(j)(1); and

(ii) As required in § 101.13(j)(2) for relative claims:

(A) The identity of the reference food and the percent (or fraction) that the fat differs between the two foods are declared in immediate proximity to the most prominent such claim (e.g., reduced fat spinach souffle, "33 percent less fat per 3 oz than our regular spinach souffle"); and

(B) Quantitative information comparing the level of fat in the product per specified weight with that of the reference food that it replaces (e.g., "Fat content has been reduced from 7.5 g per 3 oz to 5 g per 3 oz.") is declared adjacent to the most prominent claim, to the nutrition label, or, if the nutrition label is located on the information panel, it may appear elsewhere

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

on the information panel in accordance with § 101.2.

(iii) Claims described in paragraph (b)(5) of this section may not be made on the label or in the labeling of a food if the nutrient content of the reference food meets the definition for "low fat."

(6) The term "___ percent fat free" may be used on the label or in the labeling of foods, provided that:

(i) The food meets the criteria for "low fat" in paragraph (b)(2) or (b)(3) of this section;

(ii) The percent declared and the words "fat free" are in uniform type size; and

(iii) A "100 percent fat free" claim may be made only on foods that meet the criteria for "fat free" in paragraph (b)(1) of this section, that contain less than 0.5 g of fat per 100 g, and that contain no added fat.

(c) Fatty acid content claims. The label or labeling of foods that bear claims with respect to the level of saturated fat shall disclose the level of total fat and cholesterol in the food in immediate proximity to such claim each time the claim is made and in type that shall be no less than one-half the size of the type used for the claim with respect to the level of saturated fat. Declaration of cholesterol content may be omitted when the food contains less than 2 milligrams (mg) of cholesterol per reference amount customarily consumed or in the case of a meal or main dish product less than 2 mg of cholesterol per labeled serving. Declaration of total fat may be omitted with the term defined in paragraph (c)(1) of this section when the food contains less than 0.5 g of total fat per reference amount customarily consumed or, in the case of a meal product or a main dish product, when the product contains less than 0.5 g of total fat per labeled serving. The declaration of total fat may be omitted with the terms defined in paragraphs (c)(2) through (c)(5) of this section when the food contains 3 g or less of total fat per reference amount customarily consumed or in the case of a meal product or a main dish product, when the product contains 3 g or less of total fat per 100 g and not more than 30 percent

calories from fat.

(1) The terms "saturated fat free," "free of saturated fat," "no saturated fat," "zero saturated fat," "without saturated fat," "trivial source of saturated fat," "negligible source of saturated fat," or "dietarily insignificant source of saturated fat" may be used on the label or in the labeling of foods, provided that:

(i) The food contains less than 0.5 g of saturated fat and less than 0.5 g trans fatty acid per reference amount customarily consumed and per labeled serving, or in the case of a meal product or main dish product, less than 0.5 g of saturated fat and less than 0.5 g trans fatty acid per labeled serving; and

(ii) The food contains no ingredient that is generally understood by consumers to contain saturated fat unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients which states, "adds a trivial amount of saturated fat," "adds a negligible amount of saturated fat," or "adds a dietarily insignificant amount of saturated fat;" and

(iii) As required in § 101.13(e)(2), if the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower saturated fat content, it is labeled to disclose that saturated fat is not usually present in the food.

(2) The terms "low in saturated fat," "low saturated fat," "contains a small amount of saturated fat," "low source of saturated fat," or "a little saturated fat" may be used on the label or in the labeling of foods, except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) The food contains 1 g or less of saturated fatty acids per reference amount customarily consumed and not more than 15 percent of calories from saturated fatty acids; and

(ii) If a food meets these conditions without benefit of special processing, alteration,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

formulation, or reformulation to lower saturated fat content, it is labeled to clearly refer to all foods of its type and not merely to the particular brand to which the label attaches (e.g., "raspberries, a low saturated fat food").

(3) The terms defined in paragraph (c)(2) of this section may be used on the label or in the labeling of meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) The product contains 1 g or less of saturated fatty acids per 100 g and less than 10 percent calories from saturated fat; and

(ii) If the product meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower saturated fat content, it is labeled to clearly refer to all foods of its type and not merely to the particular brand to which the label attaches.

(4) The terms "reduced saturated fat," "reduced in saturated fat," "saturated fat reduced," "less saturated fat," "lower saturated fat," or "lower in saturated fat" may be used on the label or in the labeling of foods, except as limited by § 101.13(j)(1)(i) and except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) The food contains at least 25 percent less saturated fat per reference amount customarily consumed than an appropriate reference food as described in § 101.13(j)(1); and

(ii) As required in § 101.13(j)(2) for relative claims:

(A) The identity of the reference food and the percent (or fraction) that the saturated fat differs between the two foods are declared in immediate proximity to the most prominent such claim (e.g., "reduced saturated fat. Contains 50 percent less saturated fat than the national average for nondairy creamers"); and

(B) Quantitative information comparing

the level of saturated fat in the product per labeled serving with that of the reference food that it replaces (e.g., "Saturated fat reduced from 3 g to 1.5 g per serving") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(iii) Claims described in paragraph (c)(4) of this section may not be made on the label or in the labeling of a food if the nutrient content of the reference food meets the definition for "low saturated fat."

(5) The terms defined in paragraph (c)(4) of this section may be used on the label or in the labeling of meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) The food contains at least 25 percent less saturated fat per 100 g of food than an appropriate reference food as described in § 101.13(j)(1), and

(ii) As required in § 101.13(j)(2) for relative claims:

(A) The identity of the reference food, and the percent (or fraction) that the fat differs between the two foods are declared in immediate proximity to the most prominent such claim (e.g., reduced saturated fat Macaroni and Cheese, "33 percent less saturated fat per 3 oz than our regular Macaroni and Cheese").

(B) Quantitative information comparing the level of saturated fat in the product per specified weight with that of the reference food that it replaces (e.g., "Saturated fat content has been reduced from 2.5 g per 3 oz to 1.7 g per 3 oz.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label in on the information panel, the quantitative information may be located elsewhere on the information panel in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

accordance with § 101.2.

(iii) Claims described in paragraph (c)(5) of this section may not be made on the label or in the labeling of a food if the nutrient content of the reference food meets the definition for "low saturated fat."

(d) Cholesterol content claims.

(1) The terms "cholesterol free," "free of cholesterol," "zero cholesterol," "without cholesterol," "no cholesterol," "trivial source of cholesterol," "negligible source of cholesterol," or "dietarily insignificant source of cholesterol" may be used on the label or in the labeling of foods, provided that:

(i) For foods that contain 13 g or less of total fat per reference amount customarily consumed, per labeled serving, and per 50 g if the reference amount customarily consumed is 30 g or less or 2 tablespoons or less (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form), or, in the case of meal products, 26.0 g or less total fat per labeled serving, or, in the case of main dish products, 19.5 g or less total fat per labeled serving:

(A) The food contains less than 2 mg of cholesterol per reference amount customarily consumed and per labeling serving or, in the case of a meal product or main dish product, less than 2 mg of cholesterol per labeled serving; and

(B) The food contains no ingredient that is generally understood by consumers to contain cholesterol, unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of cholesterol," "adds a negligible amount of cholesterol," or "adds a dietarily insignificant amount of cholesterol;" and

(C) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed or, in the case of a meal product or main dish product, 2 g or less of saturated fatty acids per labeled serving; and

(D) As required in § 101.13(e)(2), if the food contains less than 2 mg of cholesterol per reference amount customarily consumed or in the case of a meal product or main dish product, less than 2 mg of cholesterol per labeled serving without the benefit of special processing, alteration, formulation, or reformulation to lower cholesterol content, it is labeled to disclose that cholesterol is not usually present in the food (e.g., "applesauce, a cholesterol-free food").

(ii) For food that contain more than 13 g of total fat per reference amount customarily consumed, per labeling serving, or per 50 g if the reference amount customarily consumed is 30 g or less or 2 tablespoons or less (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form), or in the case of a meal product, more than 26 g of total fat per labeled serving, or, in the case of a main dish product more than 19.5 g of total fat per labeled serving:

(A) The food contains less than 2 mg of cholesterol per reference amount customarily consumed and per labeling serving or, in the case of a meal product or main dish product, less than 2 mg of cholesterol per labeled serving; and

(B) The food contains no ingredient that is generally understood by consumers to contain cholesterol, unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of cholesterol," "adds a negligible amount of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

cholesterol," or "adds a dietarily insignificant amount of cholesterol;" and

(C) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed or, in the case of a meal product or main dish product less than 2 g of saturated fatty acids per labeled serving; and

(D) The label or labeling discloses the level of total fat in a serving (as declared on the label) of the food. Such disclosure shall appear in immediate proximity to such claim preceding any disclosure statement required under § 101.13(h) in type that shall be no less than one-half the size of the type used for such claim. If the claim appears on more than one panel, the disclosure shall be made on each panel except for the panel that bears nutrition labeling. If the claim appears more than once on a panel, the disclosure shall be made in immediate proximity to the claim that is printed in the largest type; and

(E) As required in § 101.13(e)(2), if the food contains less than 2 mg of cholesterol per reference amount customarily consumed or in the case of a meal product or main dish product less than 2 mg of cholesterol per labeled serving without the benefit of special processing, alteration, formulation, or reformulation to lower cholesterol content, it is labeled to disclose that cholesterol is not usually present in the food (e.g., "canola oil, a cholesterol-free food, contains 14 g of fat per serving"); or

(F) If the food contains less than 2 mg of cholesterol per reference amount customarily consumed or in the case of a meal product or main dish product less than 2 mg of cholesterol per labeled serving only as a result of special processing, alteration, formulation, or reformulation, the amount of cholesterol is substantially less (i.e., meets requirements of paragraph (d)(4)(ii)(A) of this section) than the food for which it substitutes as specified in § 101.13(d) that has a

significant (e.g., 5 percent or more of a national or regional market) market share. As required in § 101.13(j)(2) for relative claims:

(1) The identity of the reference food and the percent (or fraction) that the cholesterol was reduced are declared in immediate proximity to the most prominent such claim (e.g., "cholesterol-free margarine, contains 100 percent less cholesterol than butter"); and

(2) Quantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces (e.g., "Contains no cholesterol compared with 30 mg cholesterol in one serving of butter. Contains 13 g of fat per serving.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(2) The terms "low in cholesterol," "low cholesterol," "contains a small amount of cholesterol," "low source of cholesterol," or "little cholesterol" may be used on the label or in the labeling of foods, except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) For foods that have a reference amount customarily consumed greater than 30 g or greater than 2 tablespoons and contain 13 g or less of total fat per reference amount customarily consumed and per labeled serving:

(A) The food contains 20 mg or less of cholesterol per reference amount customarily consumed;

(B) The food contains 2 g or less of saturated fatty acids per reference amount

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

customarily consumed; and

(C) As required in § 101.13(e)(2), if the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower cholesterol content, it is labeled to clearly refer to all foods of that type and not merely to the particular brand to which the label attaches (e.g., "low fat cottage cheese, a low cholesterol food.").

(ii) For foods that have a reference amount customarily consumed of 30 g or less or 2 tablespoons or less and contain 13 g or less of total fat per reference amount customarily consumed, per labeled serving, and per 50 g (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form);

(A) The food contains 20 mg or less of cholesterol per reference amount customarily consumed and per 50 g (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form);

(B) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed; and

(C) As required in § 101.13(e)(2), if the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower cholesterol content, it is labeled to clearly refer to all foods of that type and not merely to the particular brand to which the label attaches (e.g., "low fat cottage cheese, a low cholesterol food").

(iii) For foods that have a reference amount customarily consumed greater than 30 g or greater than 2 tablespoons and contain more than 13 g of total fat per reference amount customarily consumed or per labeled serving,

(A) The food contains 20 mg or less of cholesterol per reference amount customarily consumed;

(B) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed;

(C) The label or labeling discloses the level of total fat in a serving (as declared on the label) of the food. Such disclosure shall appear in immediate proximity to such claim preceding any disclosure statement required under § 101.13(h) in type that shall be no less than one-half the size of the type used for such claim. If the claim appears on more than one panel, the disclosure shall be made on each panel except for the panel that bears nutrition labeling. If the claim is made more than once on a panel, the disclosure shall be made in immediate proximity to the claim that is printed in the largest type; and

(D) As required in § 101.13(e)(2), if the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower cholesterol content, it is labeled to clearly refer to all foods of that type and not merely to the particular brand to which the label attaches; or

(E) If the food contains 20 mg or less of cholesterol only as a result of special processing, alteration, formulation, or reformulation, the amount of cholesterol is substantially less (i.e., meets requirements of paragraph (d)(4)(ii)(A) of this section) than the food for which it substitutes as specified in § 101.13(d) that has a significant (e.g., 5 percent or more of a national or regional market) market share. As required in § 101.13(j)(2) for relative claims:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

(1) The identity of the reference food and the percent (or fraction) that the cholesterol has been reduced are declared in immediate proximity to the most prominent such claim (e.g., "low-cholesterol peanut butter sandwich crackers, contains 83 percent less cholesterol than our regular peanut butter sandwich crackers"); and

(2) Quantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces (e.g., "Cholesterol lowered from 30 mg to 5 mg per serving; contains 13 g of fat per serving.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(iv) For foods that have a reference amount customarily consumed of 30 g or less or 2 tablespoons or less and contain more than 13 g of total fat per reference amount customarily consumed, per labeled serving, or per 50 g (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form),

(A) The food contains 20 mg or less of cholesterol per reference amount customarily consumed and per 50 g (for dehydrated foods that must be reconstituted with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form),

(B) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed;

(C) The label or labeling discloses the level of total fat in a serving (as declared on the label) of the food. Such disclosure shall appear in immediate proximity to such claim preceding any disclosure statement required under § 101.13(h) in type that shall be no less than one-half the size of the type used for such claim. If the claim appears on more than one panel, the disclosure shall be made on each panel except for the panel that bears nutrition labeling. If the claim is made more than once on a panel, the disclosure shall be made in immediate proximity to the claim that is printed in the largest type; and

(D) As required in § 101.13(e)(2), if the food meets these conditions without the benefit of special processing, alteration, formulation, or reformulation to lower cholesterol content, it is labeled to clearly refer to all foods of that type and not merely to the particular brand to which the label attaches; or

(E) If the food contains 20 mg or less of cholesterol only as a result of special processing, alteration, formulation, or reformulation, the amount of cholesterol is substantially less (i.e., meets requirements of paragraph (d)(4)(ii)(A) of this section) than the food for which it substitutes as specified in § 101.13(d) that has a significant (i.e., 5 percent or more of a national or regional market) market share. As required in § 101.13(j)(2) for relative claims:

(1) The identity of the reference food and the percent (or fraction) that the cholesterol has been reduced are declared in immediate proximity to the most prominent such claim (e.g., "low-cholesterol peanut butter sandwich crackers, contains 83 percent less cholesterol than our regular peanut butter sandwich

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

crackers"); and

(2) Quantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces (e.g., "Cholesterol lowered from 30 mg to 5 mg per serving; contains 13 g of fat per serving.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(3) The terms defined in paragraph (d)(2) of this section may be used on the label and in labeling of meal products as defined in § 101.13(l) or a main dish product as defined in § 101.13(m) provided that the product meets the requirements of paragraph (d)(2) of this section except that the determination as to whether paragraph (d)(2)(i) or (d)(2)(iii) of this section applies to the product will be made only on the basis of whether the meal product contains 26 g or less of total fat per labeled serving or the main dish product contain 19.5 g or less of total fat per labeled serving, the requirement in paragraphs (d)(2)(i)(A) and (d)(2)(iii)(A) of this section shall be limited to 20 mg of cholesterol per 100 g, and the requirement in paragraphs (d)(2)(i)(B) and (d)(2)(iii)(B) of this section shall be modified to require that the food contain 2 g or less of saturated fat per 100 g rather than per reference amount customarily consumed.

(4) The terms "reduced cholesterol," "reduced in cholesterol," "cholesterol reduced," "less cholesterol," "lower cholesterol," or "lower in cholesterol" except as limited by § 101.13(j)(1)(i) may be used on the label or in labeling of foods or foods that substitute for those foods as specified in § 101.13(d), excluding meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) For foods that contain 13 g or less of total

fat per reference amount customarily consumed, per labeled serving, and per 50 g if the reference amount customarily consumed is 30 g or less or 2 tablespoons or less (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form):

(A) The food has been specifically formulated, altered, or processed to reduce its cholesterol by 25 percent or more from the reference food it resembles as defined in § 101.13(j)(1) and for which it substitutes as specified in § 101.13(d) that has a significant (i.e., 5 percent or more) market share; and

(B) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed; and

(C) As required in § 101.13(j)(2) for relative claims:

(1) The identity of the reference food and the percent (or fraction) that the cholesterol has been reduced are declared in immediate proximity to the most prominent such claim; and

(2) Quantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces (e.g., "[labeled product] 50 mg cholesterol per serving; [reference product] 30 mg cholesterol per serving") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(ii) For foods that contain more than 13 g of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

total fat per reference amount customarily consumed, per labeled serving, or per 50 g if the reference amount customarily consumed is 30 g or less or 2 tablespoons or less (for dehydrated foods that must be reconstituted before typical consumption with water or a diluent containing an insignificant amount, as defined in § 101.9(f)(1), of all nutrients per reference amount customarily consumed, the per 50-g criterion refers to the "as prepared" form):

(A) The food has been specifically formulated, altered, or processed to reduce its cholesterol by 25 percent or more from the reference food it resembles as defined in § 101.13(j)(1) and for which it substitutes as specified in § 101.13(d) that has a significant (i.e., 5 percent or more of a national or regional market) market share;

(B) The food contains 2 g or less of saturated fatty acids per reference amount customarily consumed;

(C) The label or labeling discloses the level of total fat in a serving (as declared on the label) of the food. Such disclosure shall appear in immediate proximity to such claim preceding any disclosure statement required under § 101.13(h) in type that shall be no less than one-half the size of the type used for such claim. If the claim appears on more than one panel, the disclosure shall be made on each panel except for the panel that bears nutrition labeling. If the claim is made more than once on a panel, the disclosure shall be made in immediate proximity to the claim that is printed in the largest type; and

(D) As required in § 101.13(j)(2) for relative claims:

(1) The identity of the reference food and the percent (or fraction) that the cholesterol has been reduced are declared in immediate proximity to the most prominent such claim (e.g., 25 percent less cholesterol than _____); and

(2) Quantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces (e.g., "Cholesterol lowered from 55 mg to 30 mg per serving. Contains 13 g of fat per serving.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(iii) Claims described in paragraph (d)(4) of this section may not be made on the label or in labeling of a food if the nutrient content of the reference food meets the definition for "low cholesterol."

(5) The terms defined in paragraph (d)(4) of this section may be used on the label or in the labeling of meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that:

(i) For meal products that contain 26.0 g or less of total fat per labeled serving or for main dish products that contain 19.5 g or less of total fat per labeled serving;

(A) The food has been specifically formulated, altered, or processed to reduce its cholesterol by 25 percent or more from the reference food it resembles as defined in § 101.13(j)(1) and for which it substitutes as specified in § 101.13(d) that has a significant (e.g., 5 percent or more of a national or regional market) market share;

(B) The food contains 2 g or less of saturated fatty acids per 100 g; and

(C) As required in § 101.13(j)(2) for relative claims:

(1) The identity of the reference food, and the percent (or fraction) that the cholesterol has been reduced are declared in immediate proximity to the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

most prominent such claim (e.g., "25% less cholesterol per 3 oz than ___."); and

(2) Quantitative information comparing the level of cholesterol in the product per specified weight with that of the reference food that it replaces (e.g., "Cholesterol content has been reduced from 35 mg per 3 oz to 25 mg per 3 oz.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(ii) For meal products that contain more than 26.0 g of total fat per labeled serving or for main dish products that contain more than 19.5 g of total fat per labeled serving:

(A) The food has been specifically formulated, altered, or processed to reduce its cholesterol by 25 percent or more from the reference food it resembles as defined in § 101.13(j)(1) and for which it substitutes as specified in § 101.13(d) that has a significant (e.g., 5 percent or more of a national or regional market) market share.

(B) The food contains 2 g or less of saturated fatty acids per 100 g;

(C) The label or labeling discloses the level of total fat in a serving (as declared on the label) of the food. Such disclosure shall appear in immediate proximity to such claim preceding any disclosure statement required under § 101.13(h) in type that shall be no less than one-half the size of the type used for such claim. If the claim appears on more than one panel the disclosure shall be made on each panel except for the panel that bears nutrition labeling. If the claim is made more than once on a panel, the disclosure shall be made in immediate proximity to the claim that is printed in the largest type; and

(D) As required in § 101.13(j)(2) for relative claims:

(1) The identity of the reference food and the percent (or fraction) that the cholesterol has been reduced are declared in immediate proximity to the most prominent such claim (e.g., 25 percent less cholesterol than ___); and

(2) Quantitative information comparing the level of cholesterol in the product per specified weight with that of the reference food that it replaces (e.g., "Cholesterol lowered from 30 mg to 22 mg per 3 oz of product.") is declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel in accordance with § 101.2.

(iii) Claims described in paragraph (d)(5) of this section may not be made on the label or in the labeling of a food if the nutrient content of the reference food meets the definition for "low cholesterol."

(e) "Lean" and "extra lean" claims.

(1) The term "lean" may be used on the label or in labeling of foods except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m) provided that the food is a seafood or game meat product and as packaged contains less than 10 g total fat, 4.5 g or less saturated fat, and less than 95 mg cholesterol per reference amount customarily consumed and per 100 g;

(2) The term defined in paragraph (e)(1) of this section may be used on the label or in labeling of a mixed dish not measurable with a cup as defined in § 101.12(b) in table 2, provided that the food contains less than 8 g total fat, 3.5 g or less saturated fat and less than 80 mg cholesterol per reference amount customarily consumed;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.62

(3) The term defined in paragraph (e)(1) of this section may be used on the label or in the labeling of meal products as defined in § 101.13(l) or main dish products as defined in § 101.13(m) provided that the food contains less than 10 g total fat, 4.5 g or less saturated fat, and less than 95 mg cholesterol per 100 g and per labeled serving;

(4) The term "extra lean" may be used on the label or in the labeling of foods except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m) provided that the food is a discrete seafood or game meat product and as packaged contains less than 5 g total fat, less than 2 g saturated fat, and less than 95 mg cholesterol per reference amount customarily consumed and per 100 g; and

(5) The term defined in paragraph (e)(4) of this section may be used on the label or in labeling of meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m) provided that the food contains less than 5 g of fat, less than 2 g of saturated fat, and less than 95 mg of cholesterol per 100 g and per labeled serving.

(f) Misbranding. Any label or labeling containing any statement concerning fat, fatty acids, or cholesterol that is not in conformity with this section shall be deemed to be misbranded under sections 201(n), 403(a), and 403(r) of the Federal Food, Drug, and Cosmetic Act.

[58 FR 17342, 17343, April 2, 1993; 58 FR 44032, Aug. 18, 1993; 58 FR 60105, Nov. 15, 1993; 59 FR 394, Jan. 4, 1994; 60 FR 17207, April 5, 1995; 61 FR 59001, Nov. 20, 1996; 63 FR 26980, May 15, 1998; 72 FR 1459, Jan. 12, 2007]

21 C. F. R. § 101.62, **21 CFR § 101.62**

Current through July 19, 2007; 72 FR 39581

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

17

Westlaw.

21 C.F.R. § 101.65

C

**Effective: September 29, 2005**

Code of Federal Regulations Currentness
  Title 21. Food and Drugs
    Chapter I. Food and Drug Administration, Department of Health and Human Services (Refs & Annos)
      Subchapter B. Food for Human Consumption
        Part 101. Food Labeling (Refs & Annos)
        Subpart D. Specific Requirements for Nutrient Content Claims (Refs & Annos)

→§ **101.65 Implied nutrient content claims and related label statements.**

(a) General requirements. An implied nutrient content claim can only be made on the label and in labeling of the food if:

(1) The claim uses one of the terms described in this section in accordance with the definition for that term;

(2) The claim is made in accordance with the general requirements for nutrient content claims in § 101.13; and

(3) The food for which the claim is made is labeled in accordance with § 101.9, § 101.10, or § 101.36, as applicable.

(b) Label statements that are not implied claims. Certain label statements about the nature of a product are not nutrient content claims unless such statements are made in a context that would make them an implied claim under § 101.13(b)(2). The following types of label statements are generally not implied nutrient content claims and, as such, are not subject to the requirements of § 101.13 and this section:

(1) A claim that a specific ingredient or food component is absent from a product, provided that the purpose of such claim is to facilitate avoidance of the substances because of food allergies (see § 105.62 of this chapter), food intolerance, religious beliefs, or dietary practices such as vegetarianism or other nonnutrition related reason, e.g., "100 percent milk free;"

(2) A claim about a substance that is nonnutritive or that does not have a nutritive function, e.g., "contains no preservatives," "no artificial colors;"

(3) A claim about the presence of an ingredient that is perceived to add value to the product, e.g., "made with real butter," "made with whole fruit," or "contains honey," except that claims about the presence of ingredients other than vitamins or minerals or that are represented as a source of vitamins and minerals are not allowed on labels or in labeling of dietary supplements of vitamins and minerals that are not in conventional food form.

(4) A statement of identity for a food in which an ingredient constitutes essentially 100 percent of a food (e.g., "corn oil," "oat bran," "dietary supplement of vitamin C 60 mg tablet").

(5) A statement of identity that names as a characterizing ingredient, an ingredient associated with a nutrient benefit (e.g., "corn oil margarine," "oat bran muffins," or "whole wheat bagels"), unless such claim is made in a context in which label or labeling statements, symbols, vignettes, or other forms of communication suggest that a nutrient is absent or present in a certain amount; and

(6) A label statement made in compliance with a specific provision of part 105 of this chapter, solely to note that a food has special dietary usefulness relative to a physical, physiological, pathological, or other condition, where the claim identifies the special diet of which the food is intended to be a part.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.65

(c) Particular implied nutrient content claims.

(1) Claims about the food or an ingredient therein that suggest that a nutrient or an ingredient is absent or present in a certain amount (e.g., "high in oat bran") are implied nutrient content claims and must comply with paragraph (a) of this section.

(2) The phrases "contains the same amount of [nutrient] as a [food]" and "as much [nutrient] as a [food]" may be used on the label or in the labeling of foods, provided that the amount of the nutrient in the reference food is enough to qualify that food as a "good source" of that nutrient, and the labeled food, on a per serving basis, is an equivalent, good source of that nutrient (e.g., "as much fiber as an apple," "Contains the same amount of Vitamin C as an 8 oz glass of orange juice.").

(3) Claims may be made that a food contains or is made with an ingredient that is known to contain a particular nutrient, or is prepared in a way that affects the content of a particular nutrient in the food, if the finished food is either "low" in or a "good source" of the nutrient that is associated with the ingredient or type of preparation. If a more specific level is claimed (e.g., "high in ___"), that level of the nutrient must be present in the food. For example, a claim that a food contains oat bran is a claim that it is a good source of dietary fiber; that a food is made only with vegetable oil is a claim that it is low in saturated fat; and that a food contains no oil is a claim that it is fat free.

(d) General nutritional claims.

(1) This paragraph covers labeling claims that are implied nutrient content claims because they:

(i) Suggest that a food because of its nutrient content may help consumers maintain healthy dietary practices; and

(ii) Are made in connection with an explicit or implicit claim or statement about a nutrient (e.g., "healthy, contains 3 grams of fat").

(2) You may use the term "healthy" or related terms (e.g., "health," "healthful," "healthfully," "healthfulness," "healthier," "healthiest," "healthily," and "healthiness") as an implied nutrient content claim on the label or in labeling of a food that is useful in creating a diet that is consistent with dietary recommendations if:

(i) The food meets the following conditions for fat, saturated fat, cholesterol, and other nutrients:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.65

| If the food is... | The fat level must be... | The saturated fat level must be... | The cholesterol level must be... | The food must contain... |
|---|---|---|---|---|
| (A) A raw fruit or vegetable | Low fat as defined in § 101.62(b)(2) | Low saturated fat as defined in § 101.62(c)(2) | The disclosure level for cholesterol specified in § 101.13(h) or less | N/A |
| (B) A single-ingredient or a mixture of frozen or canned fruits and vegetables [FN1] | Low fat as defined in § 101.62(b)(2) | Low saturated fat as defined in § 101.62(c)(2) | The disclosure level for cholesterol specified in § 101.13(h) or less | N/A |
| (C) An enriched cereal-grain product that conforms to a standard of identity in part 136, 137 or 139 of this chapter | Low fat as defined in § 101.62(b)(2) | Low saturated fat as defined in § 101.62(c)(2) | The disclosure level for cholesterol specified in § 101.13(h) or less | N/A |
| (D) A raw, single-ingredient seafood or game meat | Less than 5 grams (g) total fat per RA [FN2] and per 100 g | Less than 2 g saturated fat per RA and per 100 g | Less than 95 mg cholesterol per RA and per 100 g | At least 10 percent of the RDI [FN3] or the DRV [FN4] per RA of one or more of vitamin A, vitamin C, calcium, iron, protein, or fiber |
| (E) A meal product as defined in § 101.13(l) or a main dish product as defined in § | Low fat as defined in § 101.62(b)(3) | Low saturated fat as defined in § 101.62(c)(3) | 90 mg or less cholesterol per LS [FN5] | At least 10 percent of the RDI or DRV per LS of two nutrients |

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.65

| | | | | |
|---|---|---|---|---|
| 101.13(m) | | | | (for a main dish product) or of three nutrients (for a meal product) of: vitamin A, vitamin C, calcium, iron, protein, or fiber |
| (F) A food not specifically listed in this table | Low fat as defined in § 101.62(b)(2) | Low saturated fat as defined in § 101.62(c)(2) | The disclosure level for cholesterol specified in § 101.13(h) or less | At least 10 percent of the RDI or the DRV per RA of one or more of vitamin A, vitamin C, calcium, iron, protein or fiber |

FN1 May include ingredients whose addition does not change the nutrient profile of the fruit or vegetable.
FN2 RA means Reference Amount Customarily Consumed per Eating Occasion (§ 101.12(b)).
FN3 RDI means Reference Daily Intake (§ 101.9(c)(8)(iv)).
FN4 DRV means Daily Reference Value (§ 101.9(c)(9)).
FN5 LS means Labeled Serving, i.e., the serving size that is specified in the nutrition information on the product label (§ 101.9(b)).
--------------------------------------------------------------------

    (ii) The food meets the following conditions for sodium:

--------------------------------------------------------------------

| If the food is... | The sodium level must be... |
|---|---|
| (A) A food with a RA that is greater than 30 g or 2 tablespoons (tbsp.) | 480 mg or less sodium per RA and per LS |
| (B) A food with a RA that is equal to or less than 30 g or 2 tbsp. | 480 mg or less sodium per 50 g [FN1] |
| (C) A meal product as defined in § 101.13(l) or a main dish product as defined in § 101.13(m) | 600 mg or less sodium per LS |

--------------------------------------------------------------------

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.65

FN1 For dehydrated food that is typically reconstituted with water or a liquid
   that contains insignificant amounts per RA of all nutrients (as defined in §
   101.9(f)(1)), the 50 g refers to the "prepared" form of the product.


(iii) The food complies with the definition and
declaration requirements in this part 101 for
any specific nutrient content claim on the label
or in labeling, and

(iv) If you add a nutrient to the food specified
in paragraphs (d)(2)(i)(D), (d)(2)(i)(E), or
(d)(2)(i)(F) of this section to meet the 10
percent requirement, that addition must be in
accordance with the fortification policy for
foods in § 104.20 of this chapter.

[58 FR 17343, April 2, 1993; 59 FR 394, Jan. 4,
1994; 59 FR 24249, May 10, 1994; 62 FR 15391,
April 1, 1997; 62 FR 49858, Sept. 23, 1997; 63
FR 14355, March 25, 1998; 64 FR 12887, March
16, 1999; 67 FR 30795, May 8, 2002; 70 FR
56848, Sept. 29, 2005]

21 C. F. R. § 101.65, **21 CFR § 101.65**


Current through July 19, 2007; 72 FR
39581

Copr. © 2007
Thomson/West

END OF DOCUMENT


© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

18

Westlaw.

21 C.F.R. § 101.69

c

**Effective: November 08, 2005**

Code of Federal Regulations Currentness
  Title 21. Food and Drugs
    Chapter I. Food and Drug Administration, Department of Health and Human Services (Refs & Annos)
      Subchapter B. Food for Human Consumption
        ⌐▪Part 101. Food Labeling (Refs & Annos)
          ⌐▪ Subpart D. Specific Requirements for Nutrient Content Claims (Refs & Annos)

→**§ 101.69 Petitions for nutrient content claims.**

(a) This section pertains to petitions for claims, expressed or implied, that:

(1) Characterize the level of any nutrient which is of the type required to be in the label or labeling of food by section 403(q)(1) or (q)(2) of the Federal Food, Drug, and Cosmetic Act (the act); and

(2) That are not exempted under section 403(r)(5)(A) through (r)(5)(C) of the act from the requirements for such claims in section 403(r)(2).

(b) Petitions included in this section are:

(1) Petitions for a new (heretofore unauthorized) nutrient content claim;

(2) Petitions for a synonymous term (i.e., one that is consistent with a term defined by regulation) for characterizing the level of a nutrient; and

(3) Petitions for the use of an implied claim in a brand name.

(c) An original and one copy of the petition to be filed under the provisions of section 403(r)(4) of the act shall be submitted, or the petitioner may submit an original and a computer readable disk containing the petition. Contents of the disk should be in a standard format, such as ASCII format. Petitioners interested in submitting a disk should contact the Food and Drug Administration's (FDA) Center for Food Safety and Applied Nutrition for details. If any part of the material submitted is in a foreign language, it shall be accompanied by an accurate and complete English translation. The petition shall state the petitioner's post office address to which published notices as required by section 403 of the act may be sent.

(d) Pertinent information may be incorporated in, and will be considered as part of, a petition on the basis of specific reference to such information submitted to and retained in the files of FDA. However, any reference to unpublished information furnished by a person other than the applicant will not be considered unless use of such information is authorized (with the understanding that such information may in whole or part be subject to release to the public) in a written statement signed by the person who submitted it. Any reference to published information should be accompanied by reprints or photostatic copies of such references.

(e) If nonclinical laboratory studies are included in a petition submitted under section 403(r)(4) of the act, the petition shall include, with respect to each nonclinical study contained in the petition, either a statement that the study has been, or will be, conducted in compliance with the good laboratory practice regulations as set forth in part 58 of this chapter or, if any such study was not conducted in compliance with such regulations, a brief statement of the reason for the noncompliance.

(f) If clinical investigations are included in a petition submitted under section 403(r)(4) of the act, the petition shall include a statement regarding each such clinical investigation relied upon in the petition that the study either was conducted in compliance with the requirements for institutional review set forth in part 56 of this chapter or was not subject to such requirements in accordance with §

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.69

56.104 or § 56.105 of this chapter, and that it was conducted in compliance with the requirements for informed consent set forth in part 50 of this chapter.

(g) The availability for public disclosure of petitions submitted to the agency under this section will be governed by the rules specified in § 10.20(j) of this chapter.

(h) All petitions submitted under this section shall include either a claim for a categorical exclusion under § 25.30 or 25.32 of this chapter or an environmental assessment under § 25.40 of this chapter.

(i) The data specified under the several lettered headings should be submitted on separate sheets or sets of sheets, suitably identified. If such data have already been submitted with an earlier application from the petitioner, the present petition may incorporate it by specific reference to the earlier petition.

(j) The petition must be signed by the petitioner or by his attorney or agent, or (if a corporation) by an authorized official.

(k) The petition shall include a statement signed by the person responsible for the petition, that to the best of his knowledge, it is a representative and balanced submission that includes unfavorable information, as well as favorable information, known to him pertinent to the evaluation of the petition.

(l) All applicable provisions of Part 10--Administrative Practices and Procedures, may be used by FDA, the petitioner or any outside party with respect to any agency action on the petition.

(m)(1) Petitions for a new nutrient content claim shall include the following data and be submitted in the following form.

(Date) _____

Name of petitioner _____

Post office address _____

Subject of the petition _____

Office of Nutritional Products, Labeling and Dietary Supplements (HFS-800)

Food and Drug Administration,

Department of Health and Human Services,

Washington, DC 20204.

To Whom It May Concern:

The undersigned, ___ submits this petition under section 403(r)(4) of the Federal Food, Drug, and Cosmetic Act (the act) with respect to (statement of the claim and its proposed use).

Attached hereto and constituting a part of this petition, are the following:

A. A statement identifying the descriptive term and the nutrient that the term is intended to characterize with respect to the level of such nutrient. The statement should address why the use of the term as proposed will not be misleading. The statement should provide examples of the nutrient content claim as it will be used on labels or labeling, as well as the types of foods on which the claim will be used. The statement shall specify the level at which the nutrient must be present or what other conditions concerning the food must be met for the use of the term in labels or labeling to be appropriate, as well as any factors that would make the use of the term inappropriate.

B. A detailed explanation, supported by any necessary data, of why use of the food component characterized by the claim is of importance in human nutrition by virtue of its presence or absence at the levels that such claim would describe. This explanation shall also state what nutritional benefit to the public will derive from use of the claim as proposed, and why such benefit is not available through the use of existing terms defined by regulation under section 403(r)(2)(A)(i) of the act. If the claim is intended for a specific group within the population, the analysis should specifically address nutritional needs of such group, and should include scientific data sufficient for such purpose.

C. Analytical data that shows the amount of the nutrient that is the subject of the claim and that is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.69

present in the types of foods for which the claim is intended. The assays should be performed on representative samples using the AOAC INTERNATIONAL methods where available. If no AOAC International method is available, the petitioner shall submit the assay method used, and data establishing the validity of the method for assaying the nutrient in the particular food. The validation data should include a statistical analysis of the analytical and product variability.

D. A detailed analysis of the potential effect of the use of the proposed claim on food consumption and of any corresponding changes in nutrient intake. The latter item shall specifically address the intake of nutrients that have beneficial and negative consequences in the total diet. If the claim is intended for a specific group within the population, the above analysis shall specifically address the dietary practices of such group and shall include data sufficient to demonstrate that the dietary analysis is representative of such group.

E. The petitioner is required to submit either a claim for categorical exclusion under § 25.30 or § 25.32 of this chapter or an environmental assessment under § 25.40 of this chapter.

Yours very truly,

Petitioner _____

By _____

(Indicate authority)

(2) Within 15 days of receipt of the petition, the petitioner will be notified by letter of the date on which the petition was received by the agency. Such notice will inform the petitioner:

(i) That the petition is undergoing agency review (in which case a docket number will be assigned to the petition), and the petitioner will subsequently be notified of the agency's decision to file or deny the petition; or

(ii) That the petition is incomplete, e.g., it lacks any of the data required by this part, it presents such data in a manner that is not readily understood, or it has not been submitted in

quadruplicate, in which case the petition will be denied, and the petitioner will be notified as to what respect the petition is incomplete.

(3) Within 100 days of the date of receipt of the petition, FDA will notify the petitioner by letter that the petition has either been filed or denied. If denied, the notification shall state the reasons therefor. If filed, the date of the notification letter becomes the date of filing for the purposes of section 403(r)(4)(A)(i) of the act. If FDA does not act within such 100 days, the petition shall be deemed to be denied unless an extension is mutually agreed upon by the FDA and the petitioner. A petition that has been denied, or has been deemed to be denied, without filing shall not be made available to the public. A filed petition shall be available to the public as provided under paragraph (g) of this section.

(4) Within 90 days of the date of filing FDA will by letter of notification to the petitioner:

(i) Deny the petition; or

(ii) Inform the petitioner that a proposed regulation to provide for the requested use of the new term will be published in the Federal Register. FDA will publish the proposal to amend the regulations to provide for the requested use of the nutrient content claim in the Federal Register within 90 days of the date of filing. The proposal will also announce the availability of the petition for public disclosure.

(iii) If FDA does not act within 90 days of the date of filing, the petition shall be deemed to be denied unless an extension is mutually agreed upon by FDA and the petitioner.

(5) If FDA issues a proposal, the rulemaking shall be completed within 540 days of the date of receipt of the petition.

(n)(1) Petitions for a synonymous term shall include the following data and be submitted in the following form.

(Date) _____

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.69

Name of petitioner _____

Post office address _____

Subject of the petition _____

Office of Nutritional Products, Labeling and Dietary Supplements (HFS-800)

Food and Drug Administration,

Department of Health and Human Services,

Washington, DC 20204.

To Whom It May Concern:

The undersigned, _____ submits this petition under section 403(r)(4) of the Federal Food, Drug, and Cosmetic Act (the act) with respect to (statement of the synonymous term and its proposed use in a nutrient content claim that is consistent with an existing term that has been defined under section 403(r)(2) of the act).

Attached hereto and constituting a part of this petition, are the following:

A. A statement identifying the synonymous descriptive term, the existing term defined by a regulation under section 403(r)(2)(A)(i) of the act with which the synonymous term is claimed to be consistent. The statement should address why the proposed synonymous term is consistent with the term already defined by the agency, and why the use of the synonymous term as proposed will not be misleading. The statement should provide examples of the nutrient content claim as it will be used on labels or labeling, as well as the types of foods on which the claim will be used. The statement shall specify whether any limitations not applicable to the use of the defined term are intended to apply to the use of the synonymous term.

B. A detailed explanation, supported by any necessary data, of why use of the proposed term is requested, including an explanation of whether the existing defined term is inadequate for the purpose of effectively characterizing the level of a nutrient. This item shall also state what nutritional benefit to the public will derive from use of the claim as

proposed, and why such benefit is not available through the use of existing term defined by regulation. If the claim is intended for a specific group within the population, the analysis should specifically address nutritional needs of such group, and should include scientific data sufficient for such purpose.

C. The petitioner is required to submit either a claim for categorical exclusion under § 25.30 or § 25.32 of this chapter or an environmental assessment under § 25.40 of this chapter.

Yours very truly,

Petitioner _____

By _____

(Indicate authority)

(2) Within 15 days of receipt of the petition the petitioner will be notified by letter of the date on which the petition was received. Such notice will inform the petitioner:

(i) That the petition is undergoing agency review (in which case a docket number will be assigned to the petition) and the petitioner will subsequently be notified of the agency's decision to grant the petitioner permission to use the proposed term or to deny the petition; or

(ii) That the petition is incomplete, e.g., it lacks any of the data required by this part, it presents such data in a manner that is not readily understood, or it has not been submitted in quadruplicate, in which case the petition will be denied, and the petitioner will be notified as to what respect the petition is incomplete.

(3) Within 90 days of the date of receipt of the petition that is accepted for review (i.e., that has not been found to be incomplete and consequently denied, FDA will notify the petitioner by letter of the agency's decision to grant the petitioner permission to use the proposed term, with any conditions or limitations on such use specified, or to deny the petition, in which case the letter shall state the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.69

reasons therefor. Failure of the petition to fully address the requirements of this section shall be grounds for denial of the petition.

(4) As soon as practicable following the agency's decision to either grant or deny the petition, FDA will publish a notice in the Federal Register informing the public of his decision. If the petition is granted the Food and Drug Administration will list, the approved synonymous term in the regulations listing terms permitted for use in nutrient content claims.

(o)(1) Petitions for the use of an implied nutrient content claim in a brand name shall include the following data and be submitted in the following form:

(Date) _____

Name of petitioner _____

Post office address _____

Subject of the petition _____

Office of Nutritional Products, Labeling and Dietary Supplements (HFS-800),

Food and Drug Administration,

Department of Health and Human Services,

Washington, DC 20204.

To Whom It May Concern:

The undersigned, _____ submits this petition under section 403(r)(4) of the Federal Food, Drug, and Cosmetic Act (the act) with respect to (statement of the implied nutrient content claim and its proposed use in a brand name).

Attached hereto and constituting a part of this petition, are the following:

A. A statement identifying the implied nutrient content claim, the nutrient the claim is intended to characterize, the corresponding term for characterizing the level of such nutrient as defined

by a regulation under section 403(r)(2)(A)(i) of the act, and the brand name of which the implied claim is intended to be a part. The statement should address why the use of the brandname as proposed will not be misleading. It should address in particular what information is required to accompany the claim or other ways in which the claim meets the requirements of sections 201(n) and 403(a) of the act. The statement should provide examples of the types of foods on which the brand name will appear. It shall also include data showing that the actual level of the nutrient in the food qualifies the food to bear the corresponding term defined by regulation. Assay methods used to determine the level of a nutrient should meet the requirements stated under petition format item C in paragraph (k)(1) of this section.

B. A detailed explanation, supported by any necessary data, of why use of the proposed brand name is requested. This item shall also state what nutritional benefit to the public will derive from use of the brand name as proposed. If the branded product is intended for a specific group within the population, the analysis should specifically address nutritional needs of such group and should include scientific data sufficient for such purpose.

C. The petitioner is required to submit either a claim for categorical exclusion under § 25.30 or § 25.32 of this chapter or an environmental assessment under § 25.40 of this chapter.

Yours very truly,

Petitioner _____

By _____

(2) Within 15 days of receipt of the petition the petitioner will be notified by letter of the date on which the petition was received. Such notice will inform the petitioner:

(i) That the petition is undergoing agency review (in which case a docket number will be assigned to the petition); or

(ii) That the petition is incomplete, e.g., it lacks any of the data required by this part, it presents such data in a manner that is not readily

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.69

understood, or it has not been submitted in quadruplicate, in which case the petition will be denied, and the petitioner will be notified as to what respect the petition is incomplete.

(3) FDA will publish a notice of the petition in the Federal Register announcing its availability to the public and seeking comment on the petition. The petition shall be available to the public to the extent provided under paragraph (g) of this section. The notice shall allow 30 days for comments.

(4) Within 100 days of the date of receipt of the petition that is accepted for review (i.e., that has not been found to be incomplete and subsequently returned to the petitioner), FDA will:

(i) Notify the petitioner by letter of the agency's decision to grant the petitioner permission to use the proposed brand name if such use is not misleading, with any conditions or limitations on such use specified; or

(ii) Deny the petition, in which case the letter shall state the reasons therefor. Failure of the petition to fully address the requirements of this section shall be grounds for denial of the petition. Should FDA not notify the petitioner of his decision on the petition within 100 days, the petition shall be considered to be granted.

(5) As soon as practicable following the granting of a petition, the Commissioner of Food and Drugs will publish a notice in the Federal Register informing the public of such fact.

[58 FR 17343, April 2, 1993; 58 FR 44033, Aug. 18, 1993; 62 FR 40598, July 29, 1997; 63 FR 26718, May 14, 1998; 63 FR 40024, July 27, 1998; 67 FR 9585, March 4, 2002; 69 FR 16481, March 30, 2004]

21 C. F. R. § 101.69, **21 CFR § 101.69**

Current through July 19, 2007; 72 FR 39581

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

19

Westlaw.

21 C.F.R. § 101.70

C
### Effective: November 08, 2005

Code of Federal Regulations Currentness
   Title 21. Food and Drugs
      Chapter I. Food and Drug Administration, Department of Health and Human Services (Refs & Annos)
         Subchapter B. Food for Human Consumption
            Part 101. Food Labeling (Refs & Annos)
               Subpart E. Specific Requirements for Health Claims (Refs & Annos)

→§ 101.70 Petitions for health claims.

(a) Any interested person may petition the Food and Drug Administration (FDA) to issue a regulation regarding a health claim. An original and one copy of the petition shall be submitted, or the petitioner may submit an original and a computer readable disk containing the petition. Contents of the disk should be in a standard format, such as ASCII format. (Petitioners interested in submitting a disk should contact the Center for Food Safety and Applied Nutrition for details.) If any part of the material submitted is in a foreign language, it shall be accompanied by an accurate and complete English translation. The petition shall state the petitioner's post office address to which any correspondence required by section 403 of the Federal Food, Drug, and Cosmetic Act may be sent.

(b) Pertinent information may be incorporated in, and will be considered as part of, a petition on the basis of specific reference to such information submitted to and retained in the files of FDA. Such information may include any findings, along with the basis of the findings, of an outside panel with expertise in the subject area. Any reference to published information shall be accompanied by reprints, or easily readable copies of such information.

(c) If nonclinical laboratory studies are included in a petition, the petition shall include, with respect to

each nonclinical study contained in the petition, either a statement that the study has been conducted in compliance with the good laboratory practice regulations as set forth in part 58 of this chapter, or, if any such study was not conducted in compliance with such regulations, a brief statement of the reason for the noncompliance.

(d) If clinical or other human investigations are included in a petition, the petition shall include a statement that they were either conducted in compliance with the requirements for institutional review set forth in part 56 of this chapter, or were not subject to such requirements in accordance with § 56.104 or § 56.105, and a statement that they were conducted in compliance with the requirements for informed consent set forth in part 50 of this chapter.

(e) All data and information in a health claim petition are available for public disclosure after the notice of filing of petition is issued to the petitioner, except that clinical investigation reports, adverse reaction reports, product experience reports, consumer complaints, and other similar data and information shall only be available after deletion of:

   (1) Names and any information that would identify the person using the product.

   (2) Names and any information that would identify any third party involved with the report, such as a physician or hospital or other institution.

(f) Petitions for a health claim shall include the following data and be submitted in the following form:

(Date) _____

Name of petitioner _____

Post office address _____

Subject of the petition _____

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.70

Food and Drug Administration,

Office of Nutritional Products, Labeling and Dietary Supplements (HFS-800),

5100 Paint Branch Pkwy.,

College Park, MD 20740,

The undersigned, _____ submits this petition pursuant to section 403(r)(4) or 403(r)(5)(D) of the Federal Food, Drug, and Cosmetic Act with respect to (statement of the substance and its health claim).

Attached hereto, and constituting a part of this petition, are the following:

A. Preliminary requirements. A complete explanation of how the substance conforms to the requirements of § 101.14(b) (21 CFR 101.14(b)). For petitions where the subject substance is a food ingredient or a component of a food ingredient, the petitioner should compile a comprehensive list of the specific ingredients that will be added to the food to supply the substance in the food bearing the health claim. For each such ingredient listed, the petitioner should state how the ingredient complies with the requirements of § 101.14(b)(3)(ii), e.g., that its use is generally recognized as safe (GRAS), listed as a food additive, or authorized by a prior sanction issued by the agency, and what the basis is for the GRAS claim, the food additive status, or prior sanctioned status.

B. Summary of scientific data. The summary of scientific data provides the basis upon which authorizing a health claim can be justified as providing the health benefit. The summary must establish that, based on the totality of publicly available scientific evidence (including evidence from well-designed studies conducted in a manner which is consistent with generally recognized scientific procedures and principles), there is significant scientific agreement among experts qualified by scientific training and experience to evaluate such claims, that the claim is supported by such evidence.

The summary shall state what public health benefit will derive from use of the claim as proposed. If the claim is intended for a specific group within the population, the summary shall specifically address nutritional needs of such group and shall include scientific data showing how the claim is likely to assist in meeting such needs.

The summary shall concentrate on the findings of appropriate review articles, National Institutes of Health consensus development conferences, and other appropriate resource materials. Issues addressed in the summary shall include answers to such questions as:

1. Is there an optimum level of the particular substance to be consumed beyond which no benefit would be expected?

2. Is there any level at which an adverse effect from the substance or from foods containing the substance occurs for any segment of the population?

3. Are there certain populations that must receive special consideration?

4. What other nutritional or health factors (both positive and negative) are important to consider when consuming the substance?

In addition, the summary of scientific data shall include a detailed analysis of the potential effect of the use of the proposed claim on food consumption, specifically any change due to significant alterations in eating habits and corresponding changes in nutrient intake resulting from such changes in food consumption. The latter item shall specifically address the effect on the intake of nutrients that have beneficial and negative consequences in the total diet.

If the claim is intended for a significant subpopulation within the general U.S. population, the analysis shall specifically address the dietary practices of such group, and shall include data sufficient to demonstrate that the dietary analysis is representative of such group (e.g., adolescents or the elderly).

If appropriate, the petition shall explain the prevalence of the disease or health-related condition in the U.S. population and the relevance of the claim in the context of the total daily diet.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.70

Also, the summary shall demonstrate that the substance that is the subject of the proposed claim conforms to the definition of the term "substance" in § 101.14(a)(2).

C. Analytical data that show the amount of the substance that is present in representative foods that would be candidates to bear the claim should be obtained from representative samples using methods from the AOAC INTERNATIONAL, where available. If no AOAC method is available, the petitioner shall submit the assay method used and data establishing the validity of the method for assaying the substance in food. The validation data should include a statistical analysis of the analytical and product variability.

D. Model health claim. One or more model health claims that represent label statements that may be used on a food label or in labeling for a food to characterize the relationship between the substance in a food to a disease or health-related condition that is justified by the summary of scientific data provided in section C of the petition. The model health claim shall include:

1. A brief capsulized statement of the relevant conclusions of the summary, and

2. A statement of how this substance helps the consumer to attain a total dietary pattern or goal associated with the health benefit that is provided.

E. The petition shall include the following attachments:

1. Copies of any computer literature searches done by the petitioner (e.g., Medline).

2. Copies of articles cited in the literature searches and other information as follows:

a. All information relied upon for the support of the health claim, including copies of publications or other information cited in review articles and used to perform meta-analyses.

b. All information concerning adverse consequences to any segment of the population (e.g., sensitivity to the substance).

c. All information pertaining to the U.S. population.

F. The petitioner is required to submit either a claim for categorical exclusion under § 25.30 or § 25.32 of this chapter or an environmental assessment under § 25.40 of this chapter.

Yours very truly,

Petitioner _____

By _____

(Indicate authority)

(g) The data specified under the several lettered headings should be submitted on separate pages or sets of pages, suitably identified. If such data have already been submitted with an earlier application from the petitioner or any other final petition, the present petition may incorporate it by specific reference to the earlier petition.

(h) The petition shall include a statement signed by the person responsible for the petition that, to the best of his/her knowledge, it is a representative and balanced submission that includes unfavorable information as well as favorable information, known to him/her to be pertinent to the evaluation of the proposed health claim.

(i) The petition shall be signed by the petitioner or by his/her attorney or agent, or (if a corporation) by an authorized official.

(j) Agency action on the petition.

(1) Within 15 days of receipt of the petition, the petitioner will be notified by letter of the date on which the petition was received. Such notice will inform the petitioner that the petition is undergoing agency review and that the petitioner will subsequently be notified of the agency's decision to file for comprehensive review or deny the petition.

(2) Within 100 days of the date of receipt of the petition, FDA will notify the petitioner by letter that the petition has either been filed for comprehensive review or denied. The agency will deny a petition without reviewing the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 C.F.R. § 101.70

information contained in "B. Summary of Scientific Data" if the information in "A. Preliminary Requirements" is inadequate in explaining how the substance conforms to the requirements of § 101.14(b). If the petition is denied, the notification will state the reasons therefor, including justification of the rejection of any report from an authoritative scientific body of the U.S. Government. If filed, the date of the notification letter becomes the date of filing for the purposes of this regulation. If FDA does not act within such 100 days, the petition shall be deemed to be denied unless an extension is mutually agreed upon by FDA and the petitioner. A petition that has been denied, or has been deemed to be denied, without filing will not be made available to the public. A filed petition will be available to the public to the extent provided under paragraph (e) of this section.

(3) Within 90 days of the date of filing, FDA will by letter of notification to the petitioner:

(i) Deny the petition, or

(ii) Inform the petitioner that a proposed regulation to provide for the requested use of the health claim will be published in the Federal Register. If the petition is denied, the notification will state the reasons therefor, including justification for the rejection of any report from an authoritative scientific body of the U.S. Government. FDA will publish the proposal to amend the regulations to provide for the requested use of the health claim in the Federal Register within 90 days of the date of filing. The proposal will also announce the availability of the petition for public review.

(iii) If FDA does not act within 90 days of the date of filing, the petition shall be deemed to be denied unless an extension is mutually agreed upon by FDA and the petitioner.

(4)(i) Within 270 days [FN1] of the date of publication of the proposal, FDA will publish a final rule that either authorizes use of the health claim or explains why the agency has decided not to authorize one.

[FN1] Original appears to have inadvertently omitted "days" at this point.

(ii) For cause, FDA may extend, no more than twice, the period in which it will publish a final rule; each such extension will be for no more than 90 days. FDA will publish a notice of each extension in the Federal Register. The document will state the basis for the extension, the length of the extension, and the date by which the final rule will be published, which date shall be within 540 days of the date of receipt of the petition.

[58 FR 17097, April 1, 1993; 59 FR 426, Jan. 4, 1994; 59 FR 15050, March 31, 1994; 62 FR 28232, May 22, 1997; 62 FR 40599, July 29, 1997; 63 FR 26719, May 14, 1998; 63 FR 40024, July 27, 1998; 70 FR 40880, July 15, 2005]

21 C. F. R. § 101.70, **21 CFR § 101.70**

Current through July 19, 2007; 72 FR 39581

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

20

Westlaw.

21 C.F.R. § 101.71

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
    Title 21. Food and Drugs
        Chapter I. Food and Drug Administration,
        Department of Health and Human Services
        (Refs & Annos)
            Subchapter B. Food for Human Consumption
                Part 101. Food Labeling (Refs & Annos)
                    Subpart E. Specific Requirements for
                    Health Claims (Refs & Annos)

→ **§ 101.71 Health claims: claims
not authorized.**

Health claims not authorized for foods in
conventional food form or for dietary
supplements of vitamins, minerals, herbs, or
other similar substances:

(a) Dietary fiber and cardiovascular disease.

(b) Zinc and immune function in the elderly.

[58 FR 2548, 2578, 2620, 2639, 2664, 2714, Jan. 6,
1993; 59 FR 434, 437, Jan. 4, 1994; 65 FR 58918,
Oct. 3, 2000]

21 C. F. R. § 101.71, **21 CFR § 101.71**

Current through July 19, 2007; 72 FR
39581

Copr. © 2007
Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.